## HOUSTON LOAN & INVESTMENT CO. v. ABERNATHY et al.

### No. 10177.

Court of Civil Appeals of Texas. Galveston.

July 14, 1938.

John T. Garrison, of Houston, for appellant.

W. P. Neblett, of Houston, for appellees.

GRAVES, Justice.

On appellant's second motion for a rehearing herein, after this court had refused motions for rehearing of both sides, it retained jurisdiction thereof and certified appellant's persisting contentions therein to the Supreme Court on April 4 of 1936 in this certificate:

"This action was a simple suit by appellant against the appellee Mrs. Abernathy, a married woman, on her promissory note given it as part of the purchase price by her, acting in her separate capacity and for the benefit of her separate estate, of certain property other than her homestead; she answered, setting up such facts and pleading her coverture in defense of the suit, claiming such coverture to be a complete bar to any recovery against her therein, not, however, tendering or offering to return any part of the values or benefits she had received as a result of the transaction of purchase from the appellant, but claiming in off-set that she was entitled to a cancellation of the note absolutely, together with the return of the $5000.00 cash payment she had originally made upon the transaction; the trial court on the pleadings and evidence rendered judgment in her favor, denying, however, her cross-claim for the $5000.00 cash she had so paid;

"This Court, on an appeal from that action below, reversed that judgment and remanded the cause upon a holding to the effect that such contract of purchase was voidable by Mrs. Abernathy upon her plea of coverture as to the unperformed part thereof from and after her repudiation of it by such plea of coverture so filed by her in this cause, but that she was in equity bound to restore, or at least offer to restore, the consideration she had received under the transaction, not being entitled without it to the absolute acquittance the trial court's judgment gave her; thereafter, first motions for rehearing by each of the parties hereto were by this Court overruled; both these original and rehearing opinions which were filed herein, respectively, on February 13, 1936, and March 5, 1936, accompany this record, and are hereby referred to and made a part hereof.

"Now the appellant, in a second motion for rehearing upon its part, which is now pending undisposed of in this court, earnestly insists that Mrs. Abernathy was not in a position to so plead her coverture while at the same time admitting her purchase of the property, having taken possession of it, and her use thereof, and the receipt of benefits to herself therefrom, without at least offering to return the proceeds that had inured to her from the property.

"Wherefore it further contends that this court—while correctly declaring the law upon the major question so presented—erred in not holding Mrs. Abernathy barred or estopped from pleading her said coverture without accompanying it by an offer to return the benefits she received under the transaction, and should have reversed and rendered the cause in appellant's favor by giving it a judgment against her for the amount it sued for, irrespective of the value of the equity, stock, or benefits she may have received under her purchase.

"On the facts stated, the majority of this Court (exclusive of the writer of its two opinions referred to supra) ask:

"Did this court err in not so rendering judgment in appellant's favor for the balance now found to be due on the note it sued upon?"

The Supreme Court in an answer and opinion filed in this court on July 9 of 1938, while replying in the negative to the specific question so propounded to it, at the same time holds that the trial court entered the proper judgment in this cause—that is, one holding the appellee, Mrs. Abernathy, not liable upon the contract sued upon in any respect—and that her plea of coverture in appellant's suit against her thereon had been properly sustained.

It follows from this judgment and opinion of the Supreme Court that this court formerly erred in so reversing and remanding the cause, as recited in the quoted certificate, and that it should have simply affirmed the judgment of the learned trial court therein; wherefore, upon the authority of the Supreme Court's opinion on the certified question, the reversal heretofore entered by this court will be set aside, its two former opinions herein will be withdrawn, and the trial court's judgment will be in all things affirmed; it is so ordered.

Former judgment of reversal set aside, opinions withdrawn, and the trial court's judgment affirmed.

PLEASANTS, C. J., absent.